**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW MOUNT OLIVE CHURCH | ) | Case No. 08-18742 |
| OF GOD IN CHRIST | ) | |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Jack Schmetterer |
| | ) | |
| | ) | Hearing: October 8, 2009 at 10:00 a.m. |

**NOTICE OF MOTION**

To: See attached service list

PLEASE TAKE NOTICE that on October 8, 2009 at 10:00 a.m., I shall appear before the Honorable Judge Jack Schmetterer, or any other Judge sitting in his stead, Courtroom 682, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604, and shall then and there present the APPLICATION FOR ENTRY OF A FINAL ORDER AND DECREE CLOSING CHAPTER 11 CASE, a copy of which is enclosed and is herewith served upon you, at which time and place you may appear and be heard.

/s/ Forrest L. Ingram_____
One of Debtor's attorneys

Forrest L. Ingram #3129032
Peter L. Berk  #6274567
Patrick F. Lambe
Helena Milman
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603-4907
(312) 759-2858


**CERTIFICATE OF SERVICE**

I, Helena Milman, certify that I caused a true and correct copy of the above and foregoing Notice and the document, to which it refers, on all parties entitled to service, by electronic filing through ECF and by facsimile, as set forth on the attached service list, on September 9, 2009.

/s/ Helena Milman

**SERVICE LIST**

**By ECF Notice:**

*Trustee*
William T. Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn, 8th Floor
Chicago, IL 60602

**By U.S. Mail**

Com Ed
System Credit/Bankruptcy Department
2100 Swift Drive
Oak Brook, IL 60523

First Midwest Bank
c/o Scott H. Kenig
Randall & Kenig, LLP
455 N Citifront Plaza Dr., Ste 2510
Chicago, IL 60611

Great Lakes Bank
2034 Ridge Road
Homewood, IL 60430

Nicor Gas
Attention: Bankruptcy & Collections
P.O. Box 549
Aurora, IL 60507

Quality Alarm
Steve Derkacy
5532 W. Cal-Sag Road
Alsip, IL 60803

Angie S. Lee
16335 S. Harlem Ave., Ste 415
Tinley Park, IL 60477

*Debtor*
New Mount Olive Church
Of God in Christ
220 Monee Road
Park Forest, IL 60466
Attn: Angela Davis

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW MOUNT OLIVE CHURCH OF GOD IN CHRIST | ) ) | Case No. 08-18742 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Judge Jack Schmetterer |
| | ) | |
| | ) | Hearing: 10/8/2009 at 10:00 a.m. |

## MOTION FOR FINAL DECREE

The Debtor and Debtor in Possession NEW MOUNT OLIVE CHURCH OF GOD IN CHRIST (the "Debtor"), by and through its attorneys at Forrest L. Ingram, P.C., and pursuant to 11 U.S.C. § 350(a), Fed.R.Bankr.P. 3022, and Local Rule 3022-1, hereby applies for entry of a final order and decree, closing this Chapter 11 case. In support of this Application, the Debtor states:

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334. This Application constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O). Venue is proper pursuant to §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. § 350(a), Fed.R.Bankr.P. 3022 and Local Rule 3022-1.

3. The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on July 21, 2008.

4. The Debtor's Second Amended Plan of Reorganization (the "Plan") was confirmed on July 14, 2009.

5. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

6. Although the meaning of "fully administered" is not settled, courts have determined that it means "the point when the estate reaches substantial consummation as defined by section 1101(2) of the bankruptcy code." In re Wade, 991 F.2d 402, 407 n.2 (7th Cir. 1992).

Section 1101(2) of the Bankruptcy Code provides that:

> 'substantial consummation' means-
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

In addition, courts have directed that the following events should be considered when determining if an estate has been fully administered:

> 1) when the order confirming the plan has become final, 2) when deposits have been distributed, 3) when payments under the plan have been commenced and 4) when all motions, contested matters, and adversary proceedings have been resolved.

Wade, 991 F.2d at 407 n.2 (citing In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)).

7. Debtor's estate has been fully administered for the following reasons:

    a. the order confirming the plan on July 14, 2009, has become final;

    b. payments under the plan have commenced with the Debtor's $3,500.00 payment to First Midwest Bank; and,

    c. there are no contested matters and no adversary proceeding to resolve.

8. Payments to the General Unsecured Creditors will begin on September 15, 2009.

9. The Debtor is current in the amounts owed to the United States Trustee's Office.

WHEREFORE, the Debtor and Debtor in Possession prays that this Honorable Court enters a final decree, closing this Chapter 11 case. Debtor asks for such other and further relief as may be just.

        Respectfully submitted,

        NEW MOUNT OLIVE CHURCH OF GOD
        IN CHRIST

        By: /s/ Forrest L. Ingram
           One of its attorneys

Forrest L. Ingram, #3129032
Peter Berk
Patrick Lambe
Helena Milman
Gautham Kaveti
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603-4907
(312) 759-2858
(312) 759-2838 fx
fingram@fingramlaw.com